FILED

2007 MAY -4 PM 11: 31

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PHILIP WORKMAN, ) | |
| ) | |
| Plaintiff, ) | No. 3 07 0490 |
| ) | Death Penalty Case |
| v ) | Execution Date May 9, 2007, 1:00 a.m. |
| ) | |
| GOVERNOR PHIL BREDESEN, in his ) | |
| official capacity as Governor of the ) | |
| State of Tennesseee; ) | |
| ) | |
| GEORGE LITTLE, in his official capacity ) | |
| as Tennessee's Commissioner of ) | |
| Corrections; ) | |
| ) | |
| RICKY BELL, in his official capacity as ) | |
| Warden, Riverbend Maximum ) | |
| Security Institution; ) | |
| ) | |
| GAYLE RAY, in her official capacity as ) | |
| Assistant Commisioner of ) | |
| Corrections; ) | |
| ) | |
| ROLAND COLSON, in his official capacity ) | |
| as Assistant Commissioner of ) | |
| Corrections; ) | |
| ) | |
| JULIAN DAVIS, in his official capacity as ) | |
| Executive Assistant to the ) | |
| Commissioner; ) | |
| ) | |
| DEBBIE INGLIS, in her official capacity as ) | |
| General Counsel to the Department ) | |
| of Corrections; ) | |
| ) | |
| JOHN DOE PHYSICIANS 1-100; ) | |
| ) | |
| JOHN DOE PHARMACISTS 1-100; ) | |
| ) | |
| JOHN DOE MEDICAL PERSONNEL 1-100;) | |
| ) | |
| JOHN DOE EXECUTIONERS 1-100; ) | |

| | ) |
|---|---|
| **JOHN DOES 1-100,** | ) |
| | ) |
| **Defendants.** | ) |

## MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff Philip Workman respectfully moves this Court for a temporary restraining order, pursuant to 28 U.S.C. § 1651 and Article III, restraining the Defendants (including Warden Bell) from executing Philip Workman on May 9, 2007 pursuant to the new execution protocol (just made known to Mr. Workman by Defendants on April 30, 2007, at 4:10 p.m., just 8 business days and 1 hour prior to his scheduled execution on May 9, 2007 at 1:00 a.m.) before he is able to exhaust his administrative remedies with the Tennessee Department of Corrections and file a Section 1983 lawsuit challenging the constitutionality of Defendants' new execution protocol.

Moreover, Plaintiff also respectfully moves this Court for a temporary restraining order restraining the Defendants from proceeding with the execution of Plaintiff according to the New April 30, 2007 Protocol which utilizes sodium thiopental, an ultra-short acting barbiturate, without the assistance of personnel who are medically trained and licensed in anesthesiology (i.e., an anesthesiologist or certified nurse anesthetist), and from obtaining, seeking to obtain, ordering, writing a prescription, writing a physician's order, prescribing, dispensing, or in any other manner transferring to Defendants Bell or any other Defendants involved in the execution process sodium thiopental, pancuronium bromide, and potassium chloride in any form whatsoever.

As shown in the accompanying memorandum, Defendants would intend to execute Philip Workman on May 9, 2007, using the new execution protocol only disclosed by the TDOC on April 30, 2007, and immediately approved by the Governor without giving Mr. Workman the opportunity

2

to thoroughly review the protocol, to exhaust his administrative remedies by allowing his Emergency Grievance to be decided and appealed, and to thereafter file a Section 1983 lawsuit challenging the constitutionality of the New April 30, 2007 Protocol. Indeed, as explained in the attached Memorandum in Support of TRO, the New April 30, 2007 Protocol is unconstitutional:

(1) It creates an unacceptable risk that Plaintiff will needlessly and consciously suffer excruciating pain while experiencing death by asphyxiation in violation of his right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments;

(2) It violates the evolving standards of decency; See Trop v. Dulles, 356 U.S. 86 (1958);

(3) It violates Plaintiff's rights to substantive due process under the Ninth Amendment; and,

(4) It was developed with deliberate indifference to the risk that Plaintiff will needlessly and consciously suffer excruciating pain while experiencing death by asphyxiation in violation of the Fourteenth Amendment.

For these reasons, and all those expressed in the accompanying memorandum in support, this Court should enter a temporary restraining order prohibiting the Defendants from executing Plaintiff on May 9, 2007 using the New April 30, 2007 Protocol.

Respectfully submitted,

Paul R. Bottei
Kelley J. Henry
Gretchen L. Swift

Office of the Federal Public Defender
Middle District of Tennessee
810 Broadway, Suite 200
Nashville, Tennessee 37203
(615) 736-5047

FAX (615)736-5265

By: *[signature]*

## CERTIFICATE OF SERVICE

I certify that on this 4th day of May, 20007, I caused a copy of the foregoing to be served via hand-delivery to the following:

Warden Ricky Bell
Riverbend Maximum Security Institution
7475 Cockrill Bend Industrial Blvd.
Nashville, Tennessee 37209

Warden Roland Colson
Lois M. DeBerry Special Needs Facility
7575 Cockrill Bend Blvd.
Nashville, TN 37219

Attorney General Robert E. Cooper, Jr
425 Fifth Avenue North
Nashville, Tennessee 37243

Julian Davis
Executive Assistant to the Commissioner
Rachel Jackson Building
Sixth Floor
320 Sixth Avenue North
Nashville, Tennessee 37243-0465

Steven Edward Elkins, Esq.
Legal Counsel to the Governor
State Capitol G-10
Nashville, Tennessee 37243

General Counsel Debbie Inglis
Tennessee Department of Correction
Rachel Jackson Building
Fourth Floor
320 Sixth Avenue North
Nashville, Tennessee 37243-0465

Assistant Commissioner Gayle Ray
Rachel Jackson Building
Sixth Floor
320 Sixth Avenue North
Nashville, Tennessee 37243-0465

                                               _/s/ Kelley J. Henry_
                                               Counsel for Philip Workman